IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CEDRIC PETERSON,

       **Petitioner,**

 v.               CASE NO. 20-3153-SAC

DAN SCHNURR,

       **Respondent.**

## MEMORANDUM AND ORDER

This matter is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2254. The Court conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and directed Respondent to file a pre-answer response limited to addressing the affirmative defense of timeliness under 28 U.S.C. § 2244(d). (ECF No. 4.) Respondent filed a Response (ECF No. 9), and Petitioner filed a reply (ECF No. 10).

**Background**

Petitioner was convicted of first-degree murder on February 25, 2008, pursuant to a plea agreement. *See State v. Peterson*, Case No. 2007-CR-026 (Geary County District Court). He received a "Hard 25" life sentence. Petitioner moved to withdraw his guilty plea on December 29, 2008. *Id.* He filed a state post-conviction motion for relief under K.S.A. 60-1507 on September 24, 2009. *Peterson v. State*, Case No. 2009-CV-0239 (Geary County District Court). Petitioner filed a second motion under K.S.A. 60-1507 on December 15, 2016. *Peterson v. State*, Case No. 2016-CV-0384 (Geary County District Court). Then, he filed a motion to correct illegal sentence on July 11, 2017. *State v. Peterson*, Case No. 2007-CR-026 (Geary County District Court).

1

Petitioner filed his current Petition for writ of habeas corpus on June 2, 2020.

The Court could not determine from the state court records available to it whether or not the Petition was timely under 28 U.S.C. § 2244(d) and directed Respondent to respond to this limited issue.  Respondent has responded, but rather than address the issue of timeliness, Respondent asserts that Petitioner has not exhausted his state court remedies.  (ECF No. 9, at 2.) Respondent states that:

> Although the Court directed Respondent to address timeliness, counsel for Respondent discovered while reviewing the records of Petitioner's state court litigation an even more fundamental threshold obstacle to Petitioner's federal habeas case before one gets to timeliness: exhaustion.  While the record of Petitioner's state litigation is somewhat convoluted, with overlapping post-conviction motions and appeals, counsel for Respondent has determined one thing for certain: Petitioner's state court challenges to his conviction are still ongoing.  He is presently appealing the denial of a state post-conviction motion for relief under K.S.A. 60-1507 in the Kansas Court of Appeals, case number 122,975 (see Kansas Appellate Courts online docket: https://pittsreporting.kscourts.org/Appellate/CaseDetails?caseNumber=122975 ).
>
> Counsel for Respondent reviewed the brief filed by Petitioner's counsel in his currently pending state appeal that is available on Westlaw (2020 WL 6438075), and it clearly challenges the very same conviction that Petitioner is attempting to challenge in this habeas corpus action.

(ECF No. 9, at 2.)

Petitioner filed a reply, arguing Geary County Case No. 07-CR-026 is concluded.

**Discussion**

Mr. Peterson's Petition must be dismissed without prejudice for failure to exhaust.  Under 28 U.S.C. § 2254(b)(1), the Court cannot grant an application for writ of habeas corpus on behalf of a person in state custody unless the applicant shows that (1) he has exhausted the remedies

available to him in state court or (2) the state corrective process is either unavailable or ineffective. Accordingly, a prisoner challenging state custody is required to fully exhaust the remedies available in the state courts before seeking relief in federal court. *See Picard v. Connor,* 404 U.S. 270, 275 (1971); *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002); *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981). The petitioner bears the burden of showing he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 F. App'x 556, 557 (10th Cir. 2020); *Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (unpublished). "[S]tate claims remain unexhausted if state proceedings remain pending at the time the petition is filed." *Sims v. Snedeker*, 167 F. App'x 47, 48 (10th Cir. 2006) (unpublished). Where a petitioner has state proceedings challenging his conviction pending, dismissal of the federal habeas petition without prejudice is appropriate. *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006).

A review of online records for Petitioner's state post-conviction motion for relief under K.S.A. 60-1507 in the Kansas Court of Appeals, Case No. 122,975, reveals that the case remains pending (*see* https://pittsreporting.kscourts.org/Appellate/CaseDetails?caseNumber=122975). Accordingly, the Court finds that the Petition should be dismissed without prejudice to refiling once Petitioner's state remedies have been fully exhausted.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability ("COA") upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid

claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id*. at 485. The Court finds nothing in the present record that suggests its ruling is debatable or an incorrect application of the law and therefore declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT** that the Petition is **dismissed without prejudice.**

**IT IS FURTHER ORDERED** that no Certificate of Appealability will issue.

**IT IS SO ORDERED**.

**Dated October 4, 2021, in Topeka, Kansas.**

    **s/_Sam A. Crow_____**
    **Sam A. Crow**
    **U.S. Senior District Judge**